928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. BUTTROM, Jr., Plaintiff-Appellant,
v.
Jacob JOB-RIVERIA, Frederic P. Williams, Debbie Watson, John
Rickerts, Harold Browning, Internal Revenue
Service, Defendants-Appellees.
 No. 90-4086.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 S.D.Ohio, No. 89-00447; Spiegel, J.
 
 S.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before KENNEDY and RYAN, Circuit Judges, and FEIKENS, Senior District Judge.*
 
 ORDER
 
 3
 James E. Buttrom, Jr., a pro se Ohio resident, appeals the district court's dismissal under Fed.R.Civ.P. 4(j) of his tax protest suit. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Seeking declaratory and injunctive relief, Buttrom sued the Internal Revenue Service and several of its employees alleging that they violated his due process rights when they seized his property for non-payment of taxes without first conducting a hearing.
 
 
 5
 The defendants filed a motion to dismiss arguing, inter alia, that Buttrom had failed to make proper service of process. Thereafter, the magistrate issued its second show cause order explaining exactly what procedures Buttrom needed to follow in order to properly serve the defendants. The order also quoted the language of Fed.R.Civ.P. 4(j) and notified Buttrom that his suit was subject to dismissal for non-compliance with Rule 4(j). Ultimately, the magistrate recommended the complaint be dismissed without prejudice due to Buttrom's failure to make service within 120 days after filing the complaint as required by Rule 4(j). Buttrom filed a motion for review arguing that the service requirements of Rule 4(j) should be waived because he was proceeding pro se. The district court adopted the magistrate's recommendation and dismissed the complaint without prejudice.
 
 
 6
 Upon review, we affirm the district court's judgment. Fed.R.Civ.P. 4(j) requires that a complainant must serve the defendant within 120 days of the filing of the complaint to avoid dismissal. Dismissal for non-compliance with Rule 4(j) is mandatory, absent a showing of "good cause." See United States v. Gluklick, 801 F.2d 834, 837 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987).
 
 
 7
 In this case, Buttrom was warned on two separate occasions that his complaint would be dismissed for failure to serve the defendants. More importantly, the magistrate advised Buttrom of exactly what he needed to do in order to properly serve the defendants and avoid dismissal. Under these circumstances, we conclude that the district court did not abuse its discretion in dismissing the complaint without prejudice.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation