UNITED STATES of America, Plaintiff-Appellee,

v.

Edward GLUKLICK, et al., Defendants-Appellants.

No. 85–1687.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 7, 1986.

Decided Sept. 18, 1986.

Rehearing Denied Oct. 28, 1986.

Stuart A. Gold (argued), Greenbaum, Greenbaum & Gold, Southfield, Mich., for defendants-appellants.

Ellen Christensen, Detroit, Mich., Peter A. Caplan (argued), for plaintiff-appellee.

Before KEITH and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Defendants Edward Gluklick[1] and Gluck Construction company appeal from an order of the district court granting judgment in favor of plaintiff, the United States, on its complaint brought pursuant to the False Claims Act. On appeal, defendants challenge service as defective. For the reasons that follow, we affirm.

## I.

On December 16, 1983, the United States filed a complaint against defendants Edward Gluklick and Gluck Construction Company under the False Claims Act, 31 U.S.C. §§ 231–235 and 28 U.S.C. § 1345. The complaint alleged that defendants were awarded a $101,362 contract by the Veterans Administration (VA) and submitted an invoice for $68,000 for the first progress payment. The complaint also alleged that the VA disbursed a $68,000 check which defendants reported that they never received. The VA disbursed a second check, and then defendants allegedly cashed both checks although they had been paid the full amount of the contract. The United States alleged claims for violation of the False Claims Act (Count I), fraud (Count II), unjust enrichment (Count III), and breach of contract (Count IV).[2]

On June 4, 1984, the United States requested an entry of default judgment and such was entered on that date. On June 15, 1984, counsel for the plaintiff wrote to counsel for defendants:

Pursuant to our conversation, I have checked my file which indicates that your client did not sign the Rule 4 acknowledgment of service, despite the fact that he signed the certified mail receipt. If your client will not acknowledge, I will arrange for personal service by the Mar-shal before taking a default. However, I do think the judge would be angered by your client's recalcitrance when we ultimately bring the matter of costs before him.

On June 25, 1984, counsel for defendants replied that defendants would receive service contingent upon the setting aside of the default previously entered.

On July 18, 1984, the district court set aside the default judgment in light of a stipulation by the parties that the default be set aside and, "upon entry of the above order, defendant shall accept service of process in this matter and file a responsive pleading within 20 days." On August 7, 1984, defendants moved to dismiss the case on the ground that service was invalid because defendants were not served within 120 days as required by Fed.R.Civ.P. 4(j). It is uncontested that the United States attempted to serve defendants by certified mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii) on December 16, 1983 and January 17, 1984, and that service was received by Shirley Gluklick. Neither defendant responded in any manner to the summons and complaint. Defendants' motion contended that plaintiff's action, in light of the inadequate process, was barred by the statute of limitations. The United States conceded that defendants did not acknowledge service by mail and that no personal service was effected. The United States argued that the case should not be dismissed because (1) the defendants failed to acknowledge service; (2) the government believed in good faith that it had effected proper service; (3) defendants had agreed to acknowledge service in return for setting aside the default; and (4) the district court could enlarge the period of time for service pursuant to Fed.R.Civ.P. 6(b)(2).

On November 2, 1984, the district court denied the motion to dismiss.

---

1. The complaint and subsequent filings made by the United States have consistently spelled the defendant's name, "Glucklick." However, the answer, the notice of appeal, and other filings made by the defendants indicate that the proper spelling is "Gluklick."

2. On January 17, 1984, an amended complaint was filed asserting a claim pursuant to 31 U.S.C. § 3729 *et seq.*, the 1982 revised codification of the False Claims Act.

It should be noted that Rule 4, particularly Section J, subparagraph J, is not self-executing. It provides that if the provisions of mail, failure to acknowledge and personal service are not met, that the Court, on its own motion, the Court may *sua sponte* upon notice or upon motion shall dismiss the case. I take that to mean that the case was still tryable, since no order of dismissal had been entered, and thereafter in this case the parties entered into a stipulation under which the defendants agreed to accept service. Under those circumstances, I don't believe that the Rule has been violated. There not having been any dismissal and the defendants having agreed to accept service, in my opinion they can't be heard at this time saying that under the Rule that that matter should have been dismissed at some other time. If they had come in at the time they received the Notice of Default and moved for dismissal, that would have been another matter. But having agreed to accept service while the case was still alive, viable, I think that they are estopped now from claiming the benefits of the Rule.

On February 20, 1985, defendants answered, denying the allegations of the complaint and alleging improper service and the statute of limitations as defenses. On June 25, 1985, the district court granted plaintiff's motion for summary judgment and entered a judgment of $68,000 plus interest and costs in favor of the government.

## II.

The issue before us is whether a party may stipulate to accept service which is untimely under the federal rules. Fed.R. Civ.P. 4(c)(2)(C)(ii) provides:

A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. *If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).*

(Emphasis added).[3] The courts, consistent with the legislative history,[4] have held that the defendant's failure to acknowledge service renders such service invalid, and requires the plaintiff to personally serve the defendant. *Norlock v. City of Garland,* 768 F.2d 654, 657 (5th Cir.1985); *Shuster v. Conley,* 107 F.R.D. 755, 757 (W.D.Pa.1985); *Stranahan Gear Co. v. NL Industries, Inc.,* 102 F.R.D. 250, 251–52 (E.D.Pa.1984); *Eden Foods, Inc. v. Eden's Own Products, Inc.,* 101 F.R.D. 96 (E.D.Mich.1984). *But see Morse v. Elmira Country Club,* 752

---

3. Fed.R.Civ.P. 4(d)(1) provides:

The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

4. The legislative history provides:

If the defendant returns the acknowledgment form to the sender within 20 days of mailing, the sender files the return and service is complete. If the acknowledgment is not returned within 20 days of mailing, then service *must* be effected through some other means provided for in the Rules.

128 Cong.Rec. H9848 (December 15, 1982) (statement of Rep. Edwards), *reprinted in* 1982 U.S.Code Cong. & Ad.News 4440 (emphasis added).

F.2d 35, 39 (2d Cir.1984). In this case, the government admits that no acknowledgment was returned and no personal service was effected.

Fed.R.Civ.P. 4(j) provides in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The complaint was filed on December 16, 1983, and defendants agreed to accept service in June 1984. Accordingly, it is clear that more than 120 days passed before service was effected.

Defendants argue that at the time they agreed to accept service they were unaware that 120 days had passed since the filing of the complaint, and, that, therefore, service might be defective. Rule 4(j) renders dismissal after 120 days mandatory rather than discretionary in the absence of good cause or a request for extension of time. *Winters v. Teledyne Movible Offshore, Inc.* 776 F.2d 1304, 1305–06 (5th Cir.1985); *Norlock,* 768 F.2d at 657; *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985); *Shuster,* 107 F.R.D. at 757; 128 Cong.Rec. H9848 (December 15, 1982) (statement of Rep. Edwards), *reprinted in* 1982 U.S.Code Cong. & Ad.News 4441 ("the court *must* dismiss the action as to the unserved defendant") (emphasis added). However,

> [a] dismissal for failure to effect service during the 120 days, or for making service improperly if that's the ground, requires a motion. If the motion is made by the defendant, it would of course have to be on notice to the plaintiff. Rule 5(a). If the court is disposed to dismiss sua sponte, which it can do under subdivision (j), the court itself must assure that the plaintiff has notice of its proposed action.

Siegel, *Practice Commentaries on FRCP Rule 4,* C4–35, *reprinted at* 28 U.S.C.A. Fed.R.Civ.P. 4 at 55 (Supp.1986). Accordingly, Rule 4(j) does not automatically render service void when, as in this case, it is clear that neither the court nor the defendants moved for dismissal based on inadequate service. *See 2 Moore's Federal Practice,* § 4.46 at 4–575 (1985) ("if the 120th day passes and service has not been made, the plaintiff may await a motion or notice of intention to dismiss").

Of course, "[u]nlike subject matter jurisdiction, in personam jurisdiction may be obtained by actions of a party amounting to a waiver, and a court has jurisdiction to enter an order finding a waiver." *English v. 21st Phoenix Corp.,* 590 F.2d 723, 728 n. 5 (8th Cir.), *cert. denied,* 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979); *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 699–700 (6th Cir.1978). Failure to timely assert the defense of insufficient service may constitute a waiver, Fed.R.Civ.P. 12(h)(1), and a stipulation and agreement to settle constitutes a consent to the personal jurisdiction of the court. *Meetings & Expositions, Inc. v. Tandy Corp.,* 490 F.2d 714, 717 (2d Cir.1974). *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703–04, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982); *Petrowski v. Hawkeye-Security Insurance Co.,* 350 U.S. 495, 496, 76 S.Ct. 490, 100 L.Ed. 639 (1956). The district court did not err in this case in holding that defendants had agreed to accept service and any defects therein in return for vacating the default judgment. Any defect in service should have been apparent to defendants in light of Rule 4.

Accordingly, the judgment of the district court is AFFIRMED.