**Dr. S.B. PARDAZI, Plaintiff–Appellant,**

**v.**

**CULLMAN MEDICAL CENTER, Defendant–Appellee.**

**No. 88–7786.**

United States Court of Appeals, Eleventh Circuit.

March 22, 1990.

Newman, Miller, Leo & O'Neal, P.C., Horace V. O'Neal, Jr., Victor L. Miller, Jr., Birmingham, Ala., Michael J. Evans, Longshore, Evans & Longshore, Birmingham, Ala., for plaintiff-appellant.

Huie, Fernambucq & Stewart, John D. Herndon, Stanley A. Cash, Birmingham, Ala., S. Wayne Fuller, Cullman, Ala., for defendant-appellee.

Before TJOFLAT, Chief Judge, CLARK, Circuit Judge, and SMITH\*, Senior Circuit Judge.

TJOFLAT, Chief Judge:

This is an appeal from the district court's order granting summary judgment in favor of appellee, Cullman Medical Center (Cullman). 702 F.Supp. 852 (N.D.Ala.1988). The district court held that the Title VII action brought by Dr. S.B. Pardazi, appellant, was barred by the ninety-day statute of limitations on such actions, *see* 42 U.S.C. § 2000e-5(f)(1) (1982). Because we hold that Pardazi complied with the ninety-day statute of limitations and that Cullman waived any

defense it might have had based on insufficiency of service of process, we reverse.

I.

On September 12, 1985, Pardazi, a native of Iran who acquired United States citizenship, filed a complaint in the district court alleging that Cullman had engaged in unlawful employment practices under Title VII. Pardazi alleged that, because of his national origin, he was initially denied medical staff privileges at Cullman and then granted medical staff privileges subject to a lengthy observation period. On March 4, 1986, the district court ordered Pardazi to show cause why he had not served the complaint and summons on Cullman within the 120–day period as required by Fed.R.Civ.P. 4(j).[1]

When counsel for Pardazi responded, the district court held that Pardazi had not shown good cause for failing to comply with Rule 4(j). The district court, however, then ruled that it would "exercise its discretion and keep this case on the docket" because a dismissal without prejudice might prevent Pardazi from prosecuting his action under Title VII. The court therefore ordered Pardazi to serve process on Cullman within seven days, and Pardazi complied.

In April 1986, Cullman moved the court to dismiss Pardazi's complaint for failure to state a claim upon which relief could be granted. The district court denied the motion. Cullman then answered the complaint, stating *inter alia* that Pardazi had failed to comply with Title VII's ninety-day statute of limitations and that the court lacked personal jurisdiction over the defendant. In June 1986, the district court vacated its order denying Cullman's motion to dismiss and converted that motion to a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b). The court granted the motion for summary judgment, holding

---

\* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Rule 4(j) provides:
    If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party

on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

that no employer-employee relationship existed between Pardazi and Cullman for Title VII purposes.

Pardazi appealed that summary judgment, and a panel of this court reversed the district court, ordering it to determine upon further proceedings "whether Pardazi has demonstrated a 'genuine issue of material fact' on the claim that the hospital's actions interfered with his opportunities and privileges under his contract." *Pardazi v. Cullman Medical Center*, 838 F.2d 1155, 1157 (11th Cir.1988). On remand, Cullman moved for summary judgment on alternative grounds: (1) no genuine issue of material fact existed concerning Cullman's non-interference with Pardazi's opportunities and privileges under his employment contract; or (2) Title VII's ninety-day statute of limitations barred Pardazi's action because he failed to comply with Rule 4(j)'s requirement that process be served within 120 days of filing the complaint.

The district court refused to grant Cullman's motion on the first ground but did grant the motion on the second ground. The court held that Pardazi had satisfied 42 U.S.C. § 2000e–5(f)(1) (1982), which requires a Title VII plaintiff to file a complaint within ninety days after receiving notice from the Equal Employment Opportunity Commission of his right to sue, when he filed his complaint with the district court. The court reasoned, however, that the ninety-day statute of limitations was only provisionally satisfied by filing the complaint—failure to comply with Rule 4(j)'s 120-day service of process requirement resulted in the action being time-barred by section 2000e–5(f)(1). Therefore, the court held that Pardazi's Title VII complaint was time-barred. Pardazi appeals from that judgment.

We first address the district court's holding that section 2000e–5(f)(1) is only provisionally satisfied by filing a complaint within the ninety-day statute of limitations and that service of process is somehow required to satisfy that section completely. We reject that position and hold instead that Pardazi fully satisfied section 2000e–5(f)(1) by filing a complaint within the nine-

ty-day period. We then determine whether the district court, at this point in the case's history, may dismiss the action because Pardazi failed to serve process on Cullman within 120 days after filing the complaint as required by Rule 4(j). We hold that it may not.

## II.

■ Section 2000e–5(f)(1) provides in relevant part:

> If a charge filed with the Commission pursuant to subsection (b) of this section[ ] is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge* ... by the person claiming to be aggrieved....

42 U.S.C. § 2000e–5(f)(1) (1982) (emphasis added). This statute of limitations contains no provision regarding service of process; it requires only that a civil action be "brought" within ninety days after the plaintiff receives notice of his right to sue. In fact, the Supreme Court has defined "bringing" an action for purposes of Title VII as "commencing" an action for purposes of Fed.R.Civ.P. 3. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149–50, 104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984). Rule 3 states that "[a] civil action is commenced by filing a *complaint* with the court." (Emphasis added.) Service of process is not required to commence an action under Rule 3 and

therefore is not required to bring an action under Title VII.

The district court apparently considered Rule 4's service-of-process requirement to be part of, or bound up with, Title VII's ninety-day statute of limitations. That view, however, mischaracterizes section 2000e–5(f)(1). The plain language of that section and the Supreme Court's opinion in *Baldwin* make clear that a Title VII plaintiff complies with the ninety-day statute of limitations simply by filing the complaint. Certainly, a plaintiff must still comply with Rule 4(j) and serve process within 120 days after filing the complaint. If the plaintiff fails to comply with Rule 4(j), the district court may dismiss the case without prejudice. If the ninety-day period has passed, then section 2000e–5(f)(1) would bar prosecution of the action. *Cf. Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1307 (5th Cir.1985) ("the fact that limitations has run does not prevent a Rule 4(j) dismissal"). Rule 4(j) and section 2000e–5(f)(1), however, are not inherently intertwined: compliance with section 2000e–5(f)(1) is not dependent upon compliance with Rule 4(j).

■ We therefore hold that Pardazi, by filing his complaint with the district court within the ninety-day limitations period, completely satisfied section 2000e–5(f)(1). Consequently, the district court could not grant summary judgment on the ground that Pardazi provisionally, but not completely, satisfied section 2000e–5(f)(1). This holding, however, does not end the matter. Regardless of whether a plaintiff

has satisfied the applicable statute of limitations, Rule 4(j) states that the district court "shall" dismiss the action without prejudice if the plaintiff fails to comply with the 120–day requirement and does not show good cause for that failure to comply. In this case, Pardazi failed to comply and, according to the district court, failed to show good cause. Cullman, however, failed to raise an objection on those grounds in its pre-answer motion to dismiss and thus waived its Rule 4(j) defense. We therefore determine whether, in light of Cullman's waiver of its Rule 4(j) defense, the district court should have dismissed the action for failure to comply with Rule 4(j).

### III.

■ Under Rule 4(j), when a plaintiff fails to serve process within 120 days of filing the complaint and does not show good cause for his failure, "the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon [the defendant's] motion." Pardazi does not dispute the fact that he failed to serve process on Cullman within 120 days after filing his complaint in 1985. Furthermore, in March 1986, the district court ordered Pardazi to show cause for his failure to serve process, and after Pardazi's counsel responded, the court held that he had failed to show good cause. At that point, the court could have dismissed Pardazi's action; however, it elected to keep the case on its docket, and Cullman raised no objection in its pre-answer motion to dismiss.[2]

2. Some question exists whether the district court was *required* to dismiss when it held that Pardazi failed to show good cause for not complying with Rule 4(j). When a defendant moves for Rule 4(j) dismissal and the plaintiff fails to show good cause, the cases suggest that the district court has no discretion: it must dismiss the action as to that defendant. *See, e.g., Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985) (when no good cause shown, dismissal upon party's motion is "mandatory"). Here, however, the defendant made no such motion. When the defendant does not move for dismissal, Rule 4(j) states that if no good cause is shown, "the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party." This language poses the difficult

question of whether the term "initiative" gives the court discretion not to dismiss or simply requires the court to notify the plaintiff and dismiss the action.

The language of the Rule conceivably could support the proposition that the district court, upon learning of the Rule 4(j) violation, must take the necessary steps to dismiss the action. The Fifth and Sixth Circuits, however, have reached the opposite conclusion. In *United States v. Gluklick,* 801 F.2d 834 (6th Cir.1986), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1376, 94 L.Ed.2d 691 (1987), the Sixth Circuit held that either the defendant or the district court must "move" for a Rule 4(j) dismissal before dismissal becomes mandatory—failure to comply with Rule 4(j) does not automatically render the late

We think that Cullman's failure to object constituted a waiver of its Rule 4(j) defense and that, as a result of this waiver, the court lost its authority to dismiss the action because of Pardazi's failure to comply with Rule 4(j).

■ Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served. Objections to service of process, however, like any other objection to jurisdiction over the person, can be waived by the party over whom jurisdiction is sought. *See United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1376, 94 L.Ed.2d 691 (1987); *Harris Corp. v. National Iranian Radio & Tele.,* 691 F.2d 1344, 1352 (11th Cir.1982). Under Fed.R.Civ.P. 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1391, at 852–53 (1969). Therefore, when Cullman failed to raise its personal-jurisdiction and service-of-process objections in its pre-answer motion to dismiss, it waived any objections that it might have had to the court's exercise of personal jurisdiction. *See Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988); *Murphy v. Travelers Ins. Co.,* 534 F.2d 1155, 1159 (5th Cir.1976).[3] A party

that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent. *See Harris Corp.,* 691 F.2d at 1353. The question thus becomes whether the district court, on its own initiative, could dismiss Pardazi's cause of action after Cullman waived any objection it might have had under Rule 4(j) and thereby conferred personal jurisdiction on the court. We think not.

■ Unlike the rules of subject matter jurisdiction, the rules of personal jurisdiction protect an individual's rights, not a sovereign's rights. *Insurance Corp. v. Compagnie des Bauxites,* 456 U.S. 694, 702–03, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982). Thus, while a district court or appellate court may dismiss a case at any time for lack of subject matter jurisdiction, *see id.* at 704, 102 S.Ct. at 2105, a court has no interest in dismissing a case for lack of personal jurisdiction once the parties have consented to the court's jurisdiction. We therefore hold that, when a defendant has waived his objection to insufficient service of process (or any other defect in personal jurisdiction) by failing timely to object as required under Rule 12(g) and (h), and has thus consented to litigate the action in that court, the court may not, either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction or insufficient service of process.

service void. *Id.* at 837. Under *Gluklick,* a district court, although aware of a Rule 4(j) violation, could ignore the violation and never enter its own "motion" for dismissal. The Fifth Circuit, in *Kersh v. Derozier,* 851 F.2d 1509 (5th Cir.1988), reached a similar conclusion by noting the inconsistency between interpreting Rule 4(j) to require dismissal and the waiver provisions of Rule 12, which provide for waiver of all objections to service of process when those objections are not included in a pre-answer motion under Rule 12. *See id.* at 1511.

We find these precedents persuasive. Rule 12(h) makes no distinction between types of objections to service of process; therefore, failure to comply with Rule 4(j) must also be a waivable defense. *See Kersh,* 851 F.2d at 1512. Furthermore, we simply cannot say that a defendant may waive a Rule 4(j) defense but that a

district court *must* dismiss the action whenever it becomes aware of a Rule 4(j) defect. Such a holding would lead to the indefensible proposition that a defendant may inform the court that he is aware of a Rule 4(j) violation and wishes to waive his objection to that violation but that the court nevertheless must dismiss the action.

Consequently, we think that the district court did have discretion to keep Pardazi's action on the docket even after it had determined that Pardazi failed to show good cause for not complying with Rule 4(j).

3. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**1318**

Here, Cullman failed to raise any objection to personal jurisdiction or service of process as required by Rule 12. Cullman made no pre-answer objection on those grounds and only denied personal jurisdiction in its answer to Pardazi's complaint. Even if we were to hold that objecting to personal jurisdiction is sufficient to raise an objection to service of process,[4] the objection would still have come too late: Cullman had already made a pre-answer motion under Rule 12 for dismissal for failure to state a claim upon which relief could be granted without at the same time raising its personal-jurisdiction or service-of-process objections. At that point, Cullman waived its objection to service of process under Rule 12(h) and consented to the court's personal jurisdiction. Once Cullman had consented to the court's jurisdiction, the court could not then dismiss Pardazi's action on the ground of insufficient service of process.

### IV.

For the foregoing reasons, we reverse the district court's order granting summary judgment on the grounds of 42 U.S.C. § 2000e–5(f)(1) (1982) and Fed.R.Civ.P. 4(j) and remand this case for further proceedings.

REVERSED and REMANDED.

---

**4.** We express no opinion on this point. For a discussion of this issue, see Siegel, Supplementary Practice Commentary—1985, 28 U.S.C.A. Fed.R.Civ.P. 4, at C4–39 (Supp.1989).