William H. PUSEY, Plaintiff–Appellant,

and

Sharon E. Pusey, his wife, Plaintiff,

v.

DALLAS CORPORATION, Defendant–Appellee.

No. 90–2084.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1991.

Decided July 3, 1991.

Jay Paul Holland, Joseph, Greenwald & Laake, P.A., Greenbelt, Md., argued (Walter E. Laake, Jr., Joseph, Greenwald & Laake, P.A., Greenbelt, Md., Mary A. Parker, Nashville, Tenn., on brief), for plaintiff-appellant and plaintiff.

Todd Shawn Swatsler, Jones, Day, Reavis & Pogue, Columbus, Ohio, argued (Richard A. Chesley, Jones, Day, Reavis & Pogue, Columbus, Ohio, Joel Dewey, Piper & Marbury, Baltimore, Md., on brief), for defendant-appellee.

Before PHILLIPS, Circuit Judge, CHAPMAN, Senior Circuit Judge, and WILLIAMS, District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

PHILLIPS, Circuit Judge:

William H. and Sharon E. Pusey challenge the district court's dismissal of their personal injury action against Dallas Corporation (Dallas), for insufficient (untimely) service of process. The Puseys contend that Dallas waived its right to assert the insufficient service of process defense by failing to raise it in its answer to the Puseys' complaint. Because we conclude that Dallas did waive its right to assert an insufficient service of process defense, we reverse.

I

On October 5, 1985 William H. Pusey was injured while using a product called "Jifflox," which is a converter dolly that Dallas manufactures. Almost three years later, on September 30, 1988, the Puseys filed a complaint in the United States District Court for the District of Maryland against Dallas, an Indiana corporation, alleging in a diversity action negligence, strict liability, breach of warranty, and loss of consortium.

The Puseys' counsel instructed the clerk of court to issue process for service on one Mark B. Stelzner, who he mistakenly assumed to be Dallas' registered process agent in Maryland. As it turned out, Stelzner was not Dallas' registered agent, but was the registered agent of a Maryland domestic corporation of the same name.

Due to this confusion, the process was returned unexecuted on October 3, 1988. On January 26, 1989, the Puseys' counsel wrote a letter to the clerk of the court requesting "reissuance" of the summons for service upon the foreign Dallas Corporation. The clerk received this letter on

February 3, 1989, over 120 days after the original September 30 complaint had been filed. The Puseys' counsel enclosed three copies of the original complaint and two copies of a summons prepared for service upon the statutory process agent of the foreign defendant corporation pursuant to state procedures for such service. The clerk's office thereupon apparently stamped on one of the several copies of the complaint that the Puseys' counsel had provided two different filing dates, September 30, 1988, and February 3, 1989, and as instructed, issued a new summons for service upon Dallas through Maryland's statutory process agent for foreign corporations. This new process was served on Dallas on March 1, 1989. As served, it therefore included a complaint copy that was stamped filed on both September 30, 1988, and February 3, 1989.

Acting on the assumption that the complaint had been filed on the later date, February 3, 1989, in which case the action allegedly would have been barred by the applicable three-year and four-year Maryland statutes of limitations, but process would have been timely served within the 120–day period from date of filing of the complaint provided by Fed.R.Civ.P. 4(j),[1] Dallas filed no pre-answer motion under Rule 12, but timely served an answer that raised the statute of limitations defense but made no objection to the service of process.

Ten months after filing its answer, Dallas moved for summary judgment on the ground that the pleaded statutes of limitations barred the Puseys' action. In its memorandum supporting its summary judgment motion, Dallas noted, but did not

urge as an alternative basis for dismissal of the action, the untimeliness, under Rule 4(j), of the service of process if the action were deemed timely commenced on September 30, 1988.

Responding, the Puseys contended (1) that the action must be deemed timely commenced on September 30, 1988, with the filing of their original complaint, and (2) that under Fed.R.Civ.P. 12(h)(1)(B), Dallas had waived any objection under Rule 4(j) to the untimeliness of the service of process by not raising the defense either in a pre-answer motion or in its answer.

The district court agreed with Pusey that the action was timely commenced on September 30, 1988, but held that because service of process had not been made thereafter within 120 days as required by Rule 4(j), the action must be dismissed without prejudice under Rule 4(j).[2] The Puseys then moved for reconsideration on the ground that the district court had failed to consider his waiver argument. The district court denied the motion, and this appeal followed.

## II

The parties devote considerable effort to arguing whether, and with what legal consequences, Pusey's enclosure with his request for "reissuance of summons" of another complaint copy constituted the filing, upon its receipt by the clerk on February 3, 1989, of a "new complaint." The proper analysis of the course of proceedings and its consequences here is more direct.

■ The action was commenced when the Puseys filed their original complaint on September 30, 1988. Fed.R.Civ.P. 3.[3] Upon the expiration of 120 days from that

---

1. Rule 4(j) provides that:

   If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

2. The court's order is not that express in dealing with the parties' contentions, but by resting the dismissal solely upon Rule 4(j) untimeliness of service, the court necessarily ruled that the action was timely commenced on September 30, 1988.

3. Because Maryland law also provides that an action is commenced by the filing of a complaint, Md.Rules 2–101 (circuit courts), 3–101 (district courts), no *Erie* problem is presented in this diversity action, and the federal commencement rule controls. *Cf. Walker v. Armco Steel*

date without service of process having been effected, the action was subject to dismissal without prejudice, either on motion of the defendant or on the court's own "initiative," Fed.R.Civ.P. 4(j), *unless* by its conduct Dallas could, and had, waived any right on its part or power on the court's part to have the action dismissed.

■ On the waiver possibility, we hold that by failing to raise the defense that service of process was untimely under Rule 4(j) either in a pre-answer motion or, if no such motion is made, then in its answer, a defendant waives that defense and submits to the personal jurisdiction of the court under Fed.R.Civ.P. 12(h)(1)(B), unless at the time of service of the answer the defendant did not know that the defense was available. *See* 5A Wright & Miller, *Federal Practice and Procedure: Civil (Second)* § 1391, at pp. 744–51. This accords with the decisions of other courts of appeals. *See Pardazi v. Cullman Medical Center,* 896 F.2d 1313, 1317 (11th Cir.1990); *Kersh v. Derozier,* 851 F.2d 1509, 1511–12 (5th Cir.1988); *United States v. Glulick,* 801 F.2d 834, 837 (6th Cir.1986). And we agree with those courts that despite Rule 4(j)'s conferral of *sua sponte* dismissal power on the district courts, a defendant's unexcused failure to raise the untimeliness of service defense by motion or answer must be held to deprive the court of that power, since a waiver of this defense constitutes a submission to personal jurisdiction of the court. *See Pardazi,* 896 F.2d at 1316–17 and n. 2.[4]

■ This leads then to the question whether, under these principles, Dallas should be held to have waived the defense here, by not raising it by motion or answer. Arguing against such a holding, Dallas

contends that it could not be held to have known, even constructively, that such a defense was available when it served its answer. At that time, it had only been served, as part of process, with a complaint bearing two different filing dates. Under the circumstances, it was entitled to assume that the later of the two dates was the critical one for measuring the timeliness of service, and on that assumption the service of process was timely, though commencement of the action was not.

In response, the Puseys point out the obvious fact that the complaint copy that was served as part of process contained two dates, which put Dallas on notice that either might be the effective date of filing, hence commencement of action. A simple follow-up inquiry or inspection of the docket entries would have shown that the only date on which a complaint had been filed in the action (as opposed to the two dates on which summons was shown to have been issued) was September 30, 1988. Dallas was therefore on inquiry notice, and must be held to constructive knowledge, that a 4(j) defense was then available. Its failure to raise that defense in its answer therefore waived it under Rule 12(h)(1)(B).

We agree with the Puseys. We hold that Dallas has waived the defense, thereby submitting to the court's personal jurisdiction despite the untimely service of process under Rule 4(j). Accordingly, we reverse the district court's dismissal of the action and remand for further proceedings.

**REVERSED AND REMANDED.**

---

*Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

4. In *Pardazi,* waiver occurred by the defendant's failure to include the untimeliness of service defense in its pre-answer motion, thereby invoking Rules 12(g) and (h)(1)(A), but the principle is of course the same.

The *Pardazi* court noted the awkwardness created by Rule 4(j)'s mandatory dismissal language in referring to the court's power to dismiss on its "own initiative." Conceding that this language could be read to require dismissal whenever the court learns of a 4(j) violation,

without regard to the defendant's conduct, the court agreed with the Fifth and Sixth Circuit decisions cited in text in rejecting such a reading of the rule. As the court noted, to read it so would override the more fundamental waiver provisions in Rules 12(g) and (h) respecting personal jurisdiction objections, and the court thought this unacceptable. We agree, though to adopt this view requires that a party's waiver operates not only to cut off his right to raise the defense, but the court's power to invoke it. *Id.* at 1316 n. 2.