**Felicia A. BLEDSOE–COLVIN, et al., Plaintiffs,**

v.

**James H. ALEXANDER, et al., Defendants.**

**No. CIV. A. 00–T–1039–N.**

United States District Court, M.D. Alabama, Northern Division.

Jan. 12, 2001.

Mark W. Sabel, Jr., Sabel & Sabel, P. C., Montgomery, AL, for Felicia A. Bledsoe–Colvin, individually and as guardian for Jazmine M. Colvin, Cedric B. Colvin, individually and as guardian for Jazmine M. Colvin, plaintiffs.

Jack M. Curtis, Department of Public Safety, Legal Unit, Montgomery, AL, for James H. Alexander, Roscoe Howell, Billy E. Smith, Larry E. Sims, Alma R. Fountain, Thomas M. Keathley, Dawn M. Keathley.

Charles B. Paterson, Carl L. Evans, Jr., Balch & Bingham, Montgomery, AL, R. Bruce Barze, Jr., Balch & Bingham, Birmingham, AL, Amer. Cunningham, Akron, OH, for John C. Weisensell, Law Firm of Amer. Cunningham Brennan Co. L.P.A.

Tomi L. Dorris, Asst. Atty. General, Ohio Department of Public Safety, Columbus, OH, for Maureen O'Connor.

### ORDER

MYRON H. THOMPSON, District Judge.

Plaintiffs Felicia Bledsoe–Colvin and Cedric B. Colvin, individually and as guardians for their daughter Jazmine Colvin, have brought this lawsuit against Maureen O'Connor, director of the Ohio Department of Public Safety ("ODPS"),[1] and others, for violations of their federal and state rights arising out of the cancellation of Bledsoe–Colvin's Alabama driver's license. With respect to O'Connor, plaintiffs allege violations of only their federal due-process rights pursuant to 42 U.S.C.A. § 1983. This cause is currently before the court on O'Connor's motions to dismiss.

1. The complaint incorrectly refers to O'Connor as the director of the Ohio Bureau of Motor Vehicles. As director of the ODPS, she is responsible for the Bureau. This mistake is immaterial.

In her initial motion, O'Connor raised personal jurisdiction as a ground for dismissal, but briefed only the question of whether a state official is a person for the purposes of § 1983. Because this argument failed to address this court's personal jurisdiction over O'Connor, the court ordered the parties to show cause as to why O'Connor should or should not be dismissed for personal jurisdiction.[2] For the reasons that follow, the court finds personal jurisdiction lacking and, accordingly, will dismiss.[3]

At the outset, plaintiffs argue that a personal-jurisdiction analysis is inappropriate for a state official sued in her official capacity because a State is not considered a person for the purposes of due process. *See South Carolina v. Katzenbach,* 383 U.S. 301, 323–24, 86 S.Ct. 803, 816, 15 L.Ed.2d 769 (1966) (dismissing South Carolina's challenge to the Voting Rights Act to the extent the challenge was based on the due-process clause of the fifth amendment). Because this matter can be handled on statutory grounds alone, the constitutional grounds raised by plaintiffs are not reached. *See City of Virginia Beach v. Roanoke River Basin Ass'n,* 776 F.2d 484, 486 (4th Cir.1985); *see also United States v. Ferrara,* 54 F.3d 825 (D.C.Cir. 1995).

The jurisdictional question at issue here is governed in the first instance by Rule 4.2 of the Alabama Rules of Civil Procedure, which establishes the proper basis for service on an out-of-state defendant. So-called "long-arm" jurisdiction is proper only where a "person has sufficient contacts with this state, as set forth in subdivision (a)(2) of [Rule 4.2], so that the prosecution of the action . . . is not inconsistent with the constitution of this state or the Constitution of the United States." Ala. R. Civ. P. 4.2(a)(1)(B). A "legal entity" can be a "person" under Alabama law. *See* Ala. R. Civ. P. 4.2(a)(3). And as the following analysis concludes, the court finds no "sufficient contact" between O'Connor in her official capacity and Alabama as those contacts are defined under Rule 4.2(a)(2).

In the context of a motion to dismiss in which no evidentiary hearing is held, a plaintiff need only establish a prima-facie case of jurisdiction. *See Delong Equip. Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir.1988). The court must, in considering the motion, take all allegations in the complaint that the defendant does not contest as true, and, where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff. *See id.*

Here, plaintiffs have not established sufficient contacts under any category enumerated in Rule 4.2(a)(2).[4] Plain-

---

**2.** *See* Order of December 27, 2000.

**3.** Plaintiffs claim that O'Connor has waived any personal jurisdiction defense not raised in her initial motion under Fed.R.Civ.P. 12(h)(1). Although failure to object to personal jurisdiction can waive the defense, *see Pardazi v. Cullman Medical Center,* 896 F.2d 1313 (11th Cir.1990), in the absence of a waiver, a district court may raise the issue on its own motion so long as the parties are given notice to address it. *See Lipofsky v. New York State Workers Compensation Bd.,* 861 F.2d 1257, 1258 (11th Cir.1988). Because O'Connor did raise lack of personal jurisdiction in her first filing with this court, and because the parties have been given the opportunity to brief it in full, the defense is properly before this court.

**4.** Rule 4.2(a)(2) provides:
"Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
(A) transacting any business in this state;
(B) contracting to supply services or goods in this state;
(C) causing tortious injury or damage by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle, aircraft, boat or watercraft in this state;
(D) causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent

tiffs' only allegations of contact between O'Connor and Alabama are the effects of actions taken in Ohio by O'Connor and ODPS agents on plaintiffs in Alabama. Specifically, plaintiffs seek jurisdiction based on the referral by ODPS (by way of its Bureau of Motor Vehicles) of a default judgment against Bledsoe–Colvin in an Ohio court to the National Drivers Register.[5] Under Ohio law, an unsatisfied judgment is to be forwarded to the registrar of motor vehicles upon request of the creditor or his attorney. *See* Ohio Stat. § 4509.35. The registrar is required to forward any certified copy of a judgment it receives to the official in charge of licenses in that individual's state of residence. *See id.* at § 4509.36.

Neither party has represented that the judgment was forwarded to Alabama, because, apparently, Bledsoe–Colvin's residence at the time was unknown. The parties do not dispute, however, that the judgment was forwarded to the National Drivers Register. O'Connor represents to this court that the Register is available for public use nationwide. Apparently, Alabama officials used the Register to learn of the judgment against Bledsoe–Colvin, and on this basis suspended her license.

Clearly, neither O'Connor nor her department acted or failed to act in Alabama with respect to plaintiffs. Plaintiffs have also failed to present facts establishing that O'Connor or her department transacts business in Alabama, contracts to supply services in Alabama, has an interest in property in Alabama, sells or warranties goods to be used in Alabama, insures any person or property in Alabama, or lives in a marital relationship in Alabama. Further, on the basis of the evidence presented by plaintiffs, the court concludes that O'Connor and her department have no other contacts with Alabama that make it "fair and reasonable to require the person to come to this state to defend an action." Ala. R. Civ. P. 4.2(a)(2)(I). Plaintiffs' attempt to implicate O'Connor and her department in this cause is essentially a challenge to Ohio's rules of civil procedure and its process for forwarding default judgments to its Bureau of Motor Vehicles. It is neither fair nor reasonable to require an Ohio official to defend in an Alabama federal court her application of Ohio law, especially when nothing she or her department did gave her notice that her actions would be challenged in Alabama.

For the reasons stated above, it is ORDERED that defendant Maureen O'Connor's motions to dismiss, filed August 28, 2000, and January 4, 2001, are granted,

---

course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;

(E) causing injury or damage in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such other person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(F) having an interest in, using, or possessing real property in this state;

(G) contracting to insure any person, property, or risk located within this state at the time of contracting;

(H) living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising from alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state; or

(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States."

5. The default judgment arose out of an automobile accident between Bledsoe–Colvin and Thomas Keathley in Ohio on June 23, 1994.

and said defendant is dismissed without prejudice.

It is further ORDERED that costs are taxed against plaintiffs Felicia A. Bledsoe–Colvin and Cedric B. Colvin, for which execution may issue.

The clerk of the court is DIRECTED to provide a copy of this order to counsel for all parties by facsimile transmittal.