[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-16636
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-21176-CV-JAL

WANDA THOMAS,

                                        Plaintiff-Appellant,

                        versus

NANCY BOX,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 2, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

    Wanda Thomas, an African-American female proceeding pro se, appeals the district court's sua sponte dismissal of her pro se complaint, which she filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

403 U.S. 388 (1971). The district court dismissed the complaint, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to perform proper service of the complaint on the defendant, Nancy Box, an employee of the United States, who Thomas sued in her individual capacity. In the complaint, Thomas alleged that while she was employed at the Miami Veterans Affairs Medical Center ("Center"), Box, her supervisor, made discriminatory statements and then retaliated against Thomas when she complained. On appeal, Thomas argues that she properly served Box and that Box defaulted by never responding. We affirm.[1]

We review the dismissal of a complaint without prejudice for failure to timely serve a defendant under Rule 4(m) for abuse of discretion. Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1280 (11th Cir. 2007). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), cert. denied, -- S. Ct. ---, 2007 WL 957244 (Apr. 2, 2007) (No. 06-7654).

---

[1] Thomas does not challenge the district courts decisions denying various motions she filed with the district court, and therefore those arguments are abandoned. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1114 (11th Cir. 1993).

Pursuant to Rule 4, service on an employee of the United States sued in her individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States is effected as follows:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States -- whether or not the officer or employee is sued also in an official capacity -- is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i)(2)(B) (emphasis added). Thus, in addition to serving the individual officer or employee consistent with subsection (e), (f), or (g), as Thomas states she did here, Thomas also was required to serve the United States, as prescribed in subsection (i)(1) of Rule 4. She could do this by (1) delivering "a copy of the summons and complaint to the undersigned United States Attorney" (or an appropriate Assistant United States Attorney or clerical employee); (2) sending "a copy of the summons and complaint by registered and certified mail to the United States Attorney General"; and (3) serving "process on the [Center] by registered or certified mail" if she was challenging an order or decision of that agency.

Moreover, Rule 4 also provides the following:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court,

3

upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

Thomas filed her complaint on May 9, 2006, and about 98 days later, on August 15, 2006, completed service of process on Box. On September 27, 2006, or 141 days after the complaint had been filed, Box filed a notice of insufficient service of process, alleging that Thomas had not perfected service of process under Rule 4(i) because she had not served the Attorney General, the United States Attorney's Office, or the Center.

On November 6, 2006, the district court thereafter extended the deadline for service of process, pursuant to Rule 4(m), and provided Thomas an additional 10 days from the date of the court's order to perfect service or to show cause why the case should not be dismissed for lack of service. Thomas failed to comply with the court's order by perfecting service in the manner required by Rule 4(i)(2)(B) when a lawsuit is filed against an employee of the United States acting in her individual capacity for acts occurring for acts occurring in connection with her duties as a

federal employee. Accordingly, the district court did not abuse its discretion by dismissing Thomas's complaint.

**AFFIRMED.**