[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14342
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-00051-WLS

WILLIE LASTER,

Plaintiff-Appellant,

versus

CITY OF ALBANY, GEORGIA, WATER, GAS & LIGHT COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 23, 2013)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Willie Laster appeals <u>pro se</u> the dismissal without prejudice of his complaint against the City of Albany, Georgia, Water, Gas & Light Company.  The district court dismissed Laster's complaint for failure to perfect service of process.  Fed. R. Civ. P. 4(m).  We affirm.

The district court did not err by dismissing Laster's complaint.  Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant, <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990), and Laster failed to perfect service on the City.  Laster did not serve the City when he filed his complaint in April 2010, and Laster failed to perfect service on the City by December 5, 2011, as ordered by the district court, <u>see</u> Fed. R. Civ. P. 4(m). Laster argues that he perfected service by mailing copies of his complaint to the mayor of the City and its human resources director, under Federal Rule of Civil Procedure 5(b)(2), but Rule 5 governs the service of "pleading[s] filed after the original complaint" and other papers, Fed. R. Civ. P. 5(a)(1).  Laster was required instead to serve the City either by "delivering a copy of the summons and . . . complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by . . . state[] law," Fed. R. Civ. P. 4(j)(2).  Under Georgia law, Laster could serve the City by "delivering a copy of the summons attached to a copy of the complaint . . . to the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city or to an agent

2

authorized by appointment to receive service of process."  Ga. Code Ann. § 9-11-4(e)(5).  Although we treat pro se litigants like Laster leniently, "we nevertheless . . . require[] them to conform to procedural rules."  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).

We **AFFIRM** the dismissal of Laster's complaint.