[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12749
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-23582-JEM

BOZORGMEHR POUYEH,

Plaintiff-Appellant,

versus

PUBLIC HEALTH TRUST OF JACKSON HEALTH SYSTEM,
a.k.a. the "Trust",
CARLOS A. MIGOYA,
Chief Executive Officer of the Trust,
DR. STEVEN J. GEDDE,
Program Director of Opthamology Residency Program,
DR. STEFANIE R. BROWN,
Program Director of Preliminary & Internal Medicine
f.k.a. Dr. Doe,
DR. J. DONALD TEMPLE,
Program Director of Harrington Program, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 21, 2017)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Bozorgmehr Pouyeh, proceeding *pro se*, appeals the district court's orders dismissing his complaint based on insufficient service of process and denying his post-judgment motion for reconsideration under Rule 59(e), Fed. R. Civ. P. Pouyeh maintains on appeal that the defendants waived their right to challenge the sufficiency of service of process. The district court rejected that argument, and so do we. Therefore, we affirm.

**I.**

In August 2016, Pouyeh sued the Public Health Trust of Jackson Health System (the "Trust"), its Chief Executive Officer, and several of its employees after he applied for but did not receive a position in the Jackson Health System's internal medicine and ophthalmology residency programs or its preliminary medicine internship program. Pouyeh alleged that he was denied these positions because he was an Iranian national who earned his medical degree in Iran and that the defendants had violated his federal statutory and constitutional rights.

On August 23, Pouyeh filed proofs of service indicating that summonses for all defendants were served on "County Commission Clerk Terry Murphy" that same day. Three weeks later, Pouyeh moved for clerk's entry of default, and the clerk entered default as to each of the defendants on September 14.

On September 29, one day after Pouyeh moved for default judgment, an attorney entered a notice of appearance on behalf of all defendants. One week later, on October 6, the defendants filed a motion to dismiss the complaint "and/or quash service and set aside clerk's default, pursuant to Federal Rule of Civil Procedure 12(b)(5)." In the motion, the defendants argued that Pouyeh's service on the county commissioner was insufficient for the individual defendants or the Public Health Trust of Miami-Dade County, which operated the Jackson Health System.[1] On the same day that they filed the motion to dismiss, the defendants also filed a response to Pouyeh's emergency motion for a permanent or preliminary injunction. In a footnote, the defendants stated that they had responded to Pouyeh's motion only because the court had ordered them to, and they reiterated their belief that they had not been properly served.

Thereafter, Pouyeh argued in a series of filings that the defendants had waived their defense of insufficient service of process by raising the issue after the clerk entered default and after their attorney had entered a notice of appearance. On that basis, he moved to strike the defendants' motion to dismiss. He also submitted a declaration describing in detail his efforts to comply with the rules of service in Rule 4, Fed. R. Civ. P.

---

[1] Florida Statute § 154.07 authorizes each county in the state to create a public-health trust to operate health care facilities in the county. Pursuant to § 154.07, Miami-Dade County created a public health trust under which Jackson Memorial Hospital operates. *See* Miami-Dade County Code § 25A-1.

3

In April 2017, the magistrate judge issued a report and recommendation ("R&R") recommending that the defendants' motion to dismiss be granted. The magistrate judge found that Pouyeh's service on the county-commission clerk was insufficient under Florida law for either the individual defendants or the Trust. Pouyeh filed objections to the R&R, asserting that the defendants had waived their right to challenge the sufficiency of service of process and that he had actually perfected service in compliance with Rule 4.

Over Pouyeh's objections, the district court adopted the R&R and granted the defendants' motion. Without directly addressing Pouyeh's contention that service was proper, the court found that the defendants had not forfeited their right to object to insufficient service of process by filing a notice of appearance. The court vacated the clerk's default, dismissed the complaint without prejudice, and administratively closed the case, but it allowed Pouyeh to file an amended complaint within 30 days and then perfect service in accordance with Florida law.

Pouyeh did not file an amended complaint. Instead, he filed a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P., which the court denied. Then he filed this appeal.

## II.

"We review the district court's grant of a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5) by applying a *de novo* standard to

4

the law and a clear error standard to any findings of fact." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 920 (11th Cir. 2003). Whether the defendants waived the defense of insufficient service of process under Rule 12, Fed. R. Civ. P., is an issue of law we review *de novo*. *Silvious v. Pharaon*, 54 F.3d 697, 700 (11th Cir. 1995) ("We review the district court's interpretation of the Federal Rules of Civil Procedure *de novo*."). We review the denial of a Rule 59(e), Fed. R. Civ. P., motion for an abuse of discretion. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

We liberally construe the filings of *pro se* litigants. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Nevertheless, we still require them to comply with procedural rules, like the rules of service in Rule 4, Fed. R. Civ. P. *Id.* In addition, issues not briefed on appeal, even by *pro se* litigants, are deemed abandoned and will not be considered. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

Initially, we note that Pouyeh has abandoned any challenge to the district court's conclusion that he did not properly serve the defendants. The only issue Pouyeh raises in his briefing to this Court is whether the defendants waived their right to contest the sufficiency of service of process. He also appears to agree with the defendants' assertion that, "[o]n appeal, he does not allege that . . . he

5

effectuated proper service on any of the Defendants/Appellees." Although he suggests that the defendants had actual notice of the lawsuit through his attempts at service, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra*, 490 F.3d at 828. Because Pouyeh has not briefed the issue of whether service was properly effected, we conclude that it has been abandoned.[2] *See Timson*, 518 F.3d at 874.

Turning to the issue of waiver, Pouyeh argues that the defendants waived their right to contest the sufficiency of service of process when their attorney filed a notice of appearance on their behalf after the clerk had entered default. Pouyeh also contends that the defendants' other actions before the district court constituted a forfeiture of their objection. We disagree.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Nevertheless, objections to service of process "can be waived by the party over whom jurisdiction is sought." *Id.* Such objections are deemed waived "if not raised

---

[2] In any case, it appears that Pouyeh did not properly serve the defendants under federal or Florida law. With regard to the individual defendants, Pouyeh did not personally deliver the summonses, or leave the summonses at the individuals' usual places of abode with someone of suitable age and discretion. *See* Fed. R. Civ. P. 4(e)(1)–(2); Fla. Stat. § 48.031(1)(a). Pouyeh also failed to properly serve the Trust, a public body corporate, because he did not leave the summons with the CEO, president, vice president, or any member of the Trust's governing board. *See* Fed. R. Civ. P. 4(j)(2)(A); Fla. Stat. Ann. § 48.111(1)(a)–(c).

6

under Federal Rule of Civil Procedure 12." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008).

Under Rule 12, a party must raise any objections to the sufficiency of service of process in his or her first response to the plaintiff's complaint. *Id.* In other words, "the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer." *Id.* A party who fails to do so is deemed to have waived his or her objection under Rule 12(h). *Id.*; *Pardazi*, 896 F.2d at 1317; Fed. R. Civ. P. 12(h)(1).

Here, the defendants objected to the sufficiency of service of process in their pre-answer motion to dismiss, which was their first response to Pouyeh's complaint. Accordingly, the defendants did not waive their objection to the sufficiency of process under Rule 12(h).

Pouyeh's attempts to construct a waiver from the defendants' actions are unavailing. First, the defendants' attorney's entry of a notice of appearance on their behalf did not constitute a waiver as the equivalent of a "general appearance." *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("[A] party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading[,] or general appearance."). To begin with, the

7

Federal Rules of Civil Procedure abolished the technical distinction between general and special appearances. *See Hous. Auth. of City of Atlanta v. Millwood*, 472 F.2d 269, 272 (5th Cir. 1973)[3]; *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944) ("Rule 12 . . . abolished for the federal courts the age-old distinction between general and special appearances."). The objecting party need not appear specially to contest to the sufficiency of process. *Millwood*, 472 F.2d at 272. Rather, the party simply must comply with Rule 12, which the defendants did here. *See id.*

And nothing in Rule 12 contemplates that an attorney's entry of a notice of appearance on a defendant's behalf amounts to a waiver of a Rule 12 defense. Nor would it make much sense if it did, because the notice is not a response to the complaint. Pouyeh cites a case from the Sixth Circuit, *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011), which appears to hold that a notice of appearance is sufficient to constitute a waiver of the defense of insufficient service of process, *id.* at 520. But that decision, of course, is not controlling. And a later decision of the Sixth Circuit has cast doubt on that holding. *King v. Taylor*, 694 F.3d 650, 661 n.7 (6th Cir. 2012) (holding that a "written appearance filed by [the defendant's] counsel one month before [the defendant] moved for dismissal on the basis of lack of service does not constitute forfeiture," and stating that *Gerber* was inconsistent

---

[3] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

8

with earlier prior precedent).  In any event, because waiver of the defense of insufficient service of process is governed by Rule 12, and Rule 12 does not provide for waiver by filing a notice of appearance, the defendants' attorney's entry of a notice of appearance did not constitute a waiver.

Second, to the extent waiver could be shown even where, as here, the defendants complied with Rule 12, the defendants' conduct in this case does not show that they "invoke[d] the judgment of the court on any question other than jurisdiction." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) ("A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction.").  As we have established, the defendants properly raised their objection to the sufficiency of service of process in their first response to Pouyeh's complaint. *See Hemispherx Biopharma, Inc.*, 553 F.3d at 1360.  The fact that they also complied with court orders to respond to other matters, such as Pouyeh's motion for an injunction, does not show that they had abandoned that objection or invoked the court's jurisdiction on a matter other than jurisdiction.  Indeed, their response to Pouyeh's motion for an injunction makes clear that they believed they had not been properly served.

Finally, the defendants' slight delay in responding to the complaint does not constitute a waiver of the defense of insufficient service of process.  We have recognized that a defendant may risk waiving such a defense if "he or she waits

9

until final default judgment has been entered" to raise the issue where the defendant has not been prejudiced by a technical defect in the summons. *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990). But here, the defendants raised the issue before final default judgment was entered. And it was well within the district court's discretion to set aside the clerk's entry of default after finding that service was insufficient. *See Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984) ("Action on a motion to set aside a default is within the discretion of the district court[.]"); *cf. In re Worldwide Web Sys.,* 328 F.3d at 1299 ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.").

In sum, the defendants did not waive their objection to insufficient service of process because they raised the defense in accordance with Rule 12 and did not otherwise invoke the court's jurisdiction on a matter other than jurisdiction. Because Pouyeh does not assert that service was proper, the district court properly granted the defendants' motion to dismiss and quash service. *See Prewitt Enters., Inc*, 353 F.3d at 920. We therefore affirm the court's judgment. The arguments we have rejected above also form the basis of Pouyeh's claim that the district court abused its discretion in denying his post-judgment motion under 59(e), so we affirm the denial of that motion also.

**AFFIRMED.**

10