Leonard **TYSON, et al., Plaintiffs,**

v.

**CITY OF SUNNYVALE**
**et al., Defendants.**

**Civ. No. C 94–20466 EAI.**

United States District Court,
N.D. California.

Jan. 23, 1995.

Harry Delizonna, Law Offices of Harry Delizonna, San Jose, CA, for plaintiff Leonard Tyson.

Gary W. Sullivan, San Jose, CA, for plaintiff Maryann Tyson.

Jeffrey B. Hare, Asst. City Atty., Sunnyvale, CA, for defendants City of Sunnyvale, William F. Powers, Trudi Ryan and Gerri Langtry.

1. The Complaint is somewhat incoherent in setting forth the basis of plaintiffs' claim. A more cogent statement of the relevant facts, which does not seem inconsistent with plaintiffs' allegations, is contained in defendant City of Sunnyvale's case management conference statement, at pp. 1–2: "On or about April 23, 1993, plaintiff Leonard Tyson submitted an application to the City of Sunnyvale for approval of a proposed development project consisting of *six*, single-family residential dwelling units ... City Planning staff recommended that the total number of houses be reduced to *four* ... At the public hearing on August 9, 1993, Tyson presented a modified proposal consisting of *five* dwelling units. Following the public hearing, the Plan-

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO ACCOMPLISH SERVICE OF PROCESS

INFANTE, United States Magistrate Judge.

### I. *Introduction*

Defendant City of Sunnyvale (the "City") has moved to dismiss the above-captioned action in its entirety, as against all defendants, and with prejudice, for failure to timely accomplish service of process. Because plaintiffs have substantially complied with the federal rule governing service of process and because the City of Sunnyvale waived its right to challenge defects in service by answering the Complaint, the motion is denied.

### II. *Background*

The lawsuit was filed on July 6, 1994. Plaintiffs Leonard and Maryann Tyson allege that their property rights were infringed without due process apparently because the City of Sunnyvale denied their initial application to develop certain real property, although thereafter approving a renewed application containing a more restrained development plan.[1] The case was made subject to the Northern District of California Case Management Pilot Program, General Order No. 34, and pursuant thereto service of process was ordered accomplished no later than August 15, 1994.[2]

The City was served with the Summons and Complaint on November 4, 1994,[3] and answered the Complaint on November 23,

ning Commission voted to *deny* the project, and the matter was appealed to the City Council ... [which] voted to *deny* the project. [¶] On October 14, 1993, Tyson submitted a *new* application for a proposal to build *four* single-family dwelling units. The Planning Commission *approved* Tyson's application following a public hearing on December 13, 1993." (Emphasis in original).

2. *See* Order re Court Procedures, filed July 6, 1994.

3. Declaration of Assistant City Attorney Jeffrey B. Hare ("Hare Decl."), ¶ 4 and Exhibit A (copy of summons).

1994.[4] The instant motion was filed on December 12, 1994. Plaintiffs oppose the motion and have requested an order nunc pro tunc enlarging the time within which to accomplish service.[5]

### III. *Discussion*

#### A. *Fed.R.Civ.P. 4(m)*

■ Under Rule 4(m) of the Federal Rules of Civil Procedure (formerly Rule 4(j)), if service of process is not accomplished within 120 days of the filing of the complaint, the district court in its discretion may *either* dismiss the action *without* prejudice or order service within a specified time, unless however er plaintiff can show "good cause" for an extension, in which case the district court *must* extend the time for accomplishing service.

> "The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.... Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action ..."

Notes of Advisory Committee on Rules, 1993 Amendment, New Rule 4(m).

■ In the instant case, defendant City of Sunnyvale was served on November 4, 1994, the 121st day after the filing of the Complaint.[6] Plaintiffs admit that such service was technically untimely under Rule 4.[7] Plaintiffs, however, *substantially* complied with Rule 4(m). Even if plaintiffs cannot show good cause, the Court may within its discretion extend the service rather than dismiss the action without prejudice, and the

just, speedy and efficient disposition of plaintiffs' claim on its merits is better served by ignoring a day's dilatoriness in accomplishing service than requiring plaintiffs to re-commence their suit against the City. *See* Fed. R.Civ.P. 1.

■ Moreover, plaintiffs have shown good cause. They argue, plausibly, that "[a]ny dismissal of this case, even without prejudice, would bar any subsequent filing ... since the [s]tatute of [l]imitations would have expired ..."[8] The limitations period for a federal constitutional claim brought pursuant to 42 U.S.C. § 1983 and filed in federal court within the State of California is one year. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1462 (9th Cir.1988). As noted at Footnote 1 hereinabove, the actions complained of in this case all occurred more than a year ago, in 1993. Accordingly, the Court finds good cause for ordering nunc pro tunc a 24–hour enlargement of time for plaintiffs to accomplish service of process upon defendant City of Sunnyvale. *See* Notes of Advisory Committee, *supra* ("[r]elief may be justified ... if the applicable statute of limitations would bar the refiled action").

■ It appears that the other defendants were not served until well after the 120–day limitations period lapsed.[9] Yet, the Court need not address their situation because the City of Sunnyvale, which is the only movant, lacks standing to assert arguments on behalf of its fellow defendants.

#### B. *General Order No. 34*

Notwithstanding the 120 days allowed for in Rule 4(m), plaintiffs failed to comply with General Order No. 34, which requires service of process within 40 days.

■ However, the City of Sunnyvale, prior to bringing its motion to dismiss, an-

---

**4.** *Id.*, ¶ 10; *see* Answer, filed November 23, 1994. Defendants William F. Powers, Trudi Ryan and Gerri Langtry were served "approximately one month" after City of Sunnyvale was served, *see* Opposition Brief, at p. 3, and these defendants answered the Complaint on January 3, 1995. *See* Answer, filed January 3, 1995.

**5.** Opposition Brief, at p. 4.

**6.** *See* Memorandum of Points and Authorities in Support of Motion to Dismiss ("Memo"), at p. 9

("Defendant City was not served for 121 days after the filing of the Complaint"). The Court's independent computations confirm this.

**7.** Opposition Brief, at p. 3.

**8.** *Id.*, at p. 4.

**9.** *See* Memo, at pp. 9–10 ("none of the other named defendants have yet been served", as of the filing of the motion, December 12, 1994).

swered the Complaint without raising a defense as to defective or untimely service of process either by motion or within the Answer itself. The City thereby waived any right to later raise defects in service.[10] See, *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (7th Cir.1991) ("a defendant's unexcused failure to raise the untimeliness of service defense by motion or by answer must be held to deprive the court of that power, since a waiver of this defense constitutes a submission to personal jurisdiction of the court"); *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1316–17 (11th Cir.1990); *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir.1982) (a litigant must "exercise great diligence in challenging ... service of process ... he must do so at the time he makes his *first* defensive move—whether it be a Rule 12 motion or a responsive pleading") [emphasis added].[11]

## IV. *Order*

Accordingly, it is hereby ORDERED that defendant City of Sunnyvale's motion to dismiss the above-captioned action for failure to timely accomplish service of process is DENIED.

SO ORDERED.

---

**10.** The other defendants, who are *not* parties to the instant motion, also waived objections to service by declining to raise defects in service of process within their Answer to the Complaint.

**11.** Additionally, the 40–day service period provided by General Order No. 34 is not enforceable. General Order No. 34, § III(A), pertinently provides: "As soon as practicable, but no later than 40 days after filing the complaint, plaintiff shall serve, on each defendant, the summons, complaint, [and] a copy of this General Order ..." General Order No. 34 thus significantly constricts the service period provided by Fed. R.Civ.P. 4(m) from 120 to 40 days. Yet district courts are permitted to amend the rules governing their practice only in a manner "not inconsistent" with the federal rules. Fed.R.Civ.P. 83; see also, *Mutual Fund Investors v. Putnam Mgmt. Co.*, 553 F.2d 620, 625 (9th Cir.1977) ("Local rules may be adopted by the district court under Rule 83 ... if they are not inconsistent with the federal rules."). General Order No. 34 was im-

plemented pursuant to the Civil Justice Reform Act, 28 U.S.C. § 471 et seq., which does not expressly permit district courts to impinge upon litigants' rights afforded under the Federal Rules of Civil Procedure. Nor does the enactment specifically contemplate tinkering with service of process, although it does speak directly to imposing deadlines for completion of discovery, the bringing of motions, and conducting trials. *See* 28 U.S.C. § 473. Hence, in the absence of specific authorization for superceding the 120–day service period prescribed in Rule 4(m), the Court concludes that § III(A) of General Order No. 34 is merely advisory or aspirational. Similarly, the presumption under Local Rule 235–10 favoring dismissal for failure to prosecute where service is not accomplished in forty days is necessarily rebutted where the plaintiff affirmatively states his intent to accomplish, or actually (or substantially) accomplishes, service within 120 days as specifically allowed for under Rule 4(m).