CORESTATES LEASING, INC.,

v.

WRIGHT–WAY EXPRESS, INC. and Trans–Vest Corporation and James H. Wright and Michael Kent and Michael L. White, i/j/s.

No. 98–2613.

United States District Court, E.D. Pennsylvania.

Jan. 12, 2000.

---

Barbara L. Farley, Barbara Lanza Farley, Philadelphia, PA, for plaintiff.

John J. Leonard, Leonard, Tillery and Sciolla, Philadelphia, PA, Kyle C. Atkins, Adams, Ryal & Flippin, PC, Humboldt, TN, for defendants.

## MEMORANDUM OPINION

ROBERT F. KELLY, District Judge.

This matter comes before the Court on Defendant's Motion to Set Aside a Default Judgment under Federal Rule of Civil Procedure 60(b), (1), (3), (4) and (6).

## FACTUAL BACKGROUND

On May 20, 1998, Plaintiff filed suit against Defendants in this Court. Service of process was attempted on Defendant James H. Wright ("Mr. Wright or Defendant") on three (3) separate occasions. On the first two attempts at service, Madison County Tennessee Sheriffs returned the papers as unserved. Counsel for Plaintiff then requested Mr. Wright's Tennessee attorney, Floyd H. Flipping, Esquire, to accept service on behalf of his client. This request was never responded to; however, on December 15, 1998, Mr. Wright was personally served with the Summons and Complaint. *See* Return of Service.

On January 13, 1999, Default Judgment was entered against Mr. Wright for failure to appear or to answer the Complaint. On March 1, 1999, Plaintiff registered the Judgment in the Federal District Court for the Western District of Tennessee.

On April 2, 1999, Mr. Wright filed a Motion in the Federal District Court for the Western District of Tennessee to Set Aside the Default Judgment. The Honorable James D. Todd, of that Court, dismissed the motion granting Defendant Wright leave to re-file in the Eastern District of Pennsylvania.

## WHAT IS THE EFFECT OF UNTIMELY SERVICE

In his Memorandum of Law attached to the Motion, Defendant's only argument is that Fed.R.Civ.P. 4(m) requires that a Summons be served within 120 days. Since Mr. Wright was not served within the 120–day period, Defendant argues that the Default Judgment obtained by Plaintiff in this Court should be set aside as void under Fed. R.Civ.P. 60(b)(4) and 4(m).

It is not disputed that the two unsuccessful attempts to serve the Defendant were at a location given to Plaintiff's counsel by defense counsel. Nor is it disputed that Plaintiff's later request of defense counsel to accept service on behalf of his client went unanswered. It is clear from this that all throughout these attempts to serve the Defendant he was represented by counsel and knew that a lawsuit was imminent.

After the papers were successfully served on the Defendant, neither he nor his attorney took any action to either answer the Complaint or file a motion under Rule 12 of the Fed.R.Civ.P. In fact, no action was taken by the Defendant until the Judgment in the Eastern District of Pennsylvania was transferred to the Western District of Tennessee.

The only argument advanced by Defendant in the motion before this Court and the accompanying memorandum of law is that the service of process was completed more than 120 days after the issuance of the Summons. By not filing a timely answer to the Complaint or an appropriate motion, the Defendant had waived that defect. It bears repeating here, that Defendant does not deny receiving the Complaint and Summons; nor does he contend that he did not know of the defect when those papers were served on him. An objection that service is untimely under Rule 4(m) is subject to waiver by the defendant. *McCurdy v. American Bd. Of Plastic Surgery*, 157 F.3d 191, 195 (3d Cir. 1998).

In the case of *Pusey v. Dallas Corp.*, 938 F.2d 498 (4th Cir.1991), where the defendant

did nothing and a Default Judgment was entered, the Court said:

> ... Upon the expiration of 120 days from that date [date summons issued] without service of process having been effected, the action was subject to dismissal without prejudice, either on motion of the defendant or on the court's own "initiative," Fed.R.Civ.P. 4(j) [now 4(m)] *unless* by its conduct Dallas could, and had, waived any right on its part or power on the court's part to have the action dismissed.

> On the waiver possibility, we hold that by failing to raise the defense that service of process was untimely under Rule 4(j) either in a pre-answer motion or, if no such motion is made, then in its answer, a defendant waives that defense and submits to the personal jurisdiction of the court under Fed.R.Civ.P. 12(h)(1)(B) unless at the time of service of the answer the defendant did not know that the defense was available. *See* 5A Wright & Miller, *Federal Practice and Procedure: Civil (Second)* § 1391, at pp. 744–51.

By doing nothing after having been served with the Summons and Complaint, Defendant has waived the fact that service was not completed within 120 days.

### PERSONAL JURISDICTION

In Defendant's reply to Plaintiff's answer to this motion, Mr. Wright raises, for the first time, that the Default Judgment should be dismissed because the Eastern District of Pennsylvania did not have personal jurisdiction over him. He contends that he never conducted any business in Pennsylvania, and has never conducted any business with the original Plaintiff Corestates Leasing, Inc. He also asserts that the signatures on the security agreements and guarantees, which purport to be those of James H. Wright, are forgeries.

The following excerpt from Wright & Miller Federal Practice and Procedure: Civil 2d § 1391 is particularly appropriate to Defendant's contention:

> "Under Rule 12(h) the objection of insufficiency of service of process ... and the objection of lack of jurisdiction over the person ... are waived if not asserted in a timely answer or motion. Neither of these objections is within the exceptions to waiver provided in Rules 12(h)(2) and 12(h)(3) [footnote omitted]. However, if a party is never served at all, he cannot be held to have waived his objection to lack of jurisdiction over the person by non-assertion within 20 days [footnote omitted]; due process would preclude the result and the rules themselves prevent it, by making the 20 day period run from the date of service. But when the party has received actual notice of the suit there is no due process problem in requiring him to object to the ineffective service within the period prescribed by Rule 12(h)(1) and the defense is one that he certainly can waive if he wishes to do so [footnote omitted]. This is because the defendant has failed to do what the rule says he must do if he is to avoid a waiver. Furthermore, a more permissive construction would reduce the effectiveness of Rule 12(h)(1) sharply."

Defendant fails to make the distinction between objections to personal jurisdiction that raise constitutional issues, which could not be waived, and those that do not. Where the Defendant merely argues that there is no jurisdiction because service of process was defective or improper, and thus did not effectuate jurisdiction, that objection is not of a constitutional dimension and Rule 12(h)(1) Waiver Principles should apply. *See Wright & Miller Federal Practice and Procedure: Civil 2d § 1391.*

■ Since the Defendant was served with the Summons and Complaint and had actual notice of this lawsuit, there is no failure of due process and no constitutional implication. He had every opportunity to raise objections to personal jurisdiction.[1]

---

1. Under Paragraph 12 of the Master Security Agreement, upon which this suit was brought, Defendant consented to the jurisdiction of the courts of Pennsylvania and, specifically, the Federal Court for the Eastern District of Pennsylvania.

Plaintiff's counsel argues that Judge Gawthrop must have approved of the extended time to serve this Summons, because his Courtroom Deputy Clerk was in touch with her when she was attempting to serve the Summons and Complaint, and she kept the Clerk appraised of her efforts. Counsel also thinks that it is significant that Judge Gawthrop[2] signed the entry of Judgment himself rather than allowing it to be done by the Clerk. *See* Affidavit of Barbara L. Farley, ¶ 8: N.T. pp. 12–14, 20, 22.

I think that this is a valid argument, but I do not feel that it adds anything to Plaintiff's position. The undisputed fact is that the Court did *not* dismiss this action prior to it being served on the Defendant. Plaintiff's argument in this regard would have been very helpful to Plaintiff if either the Court or Defendant had moved to dismiss the action for failure to serve within the 120 days. As has been stated before, because this argument was not raised by the Defendant, it has been waived.

I, therefore, enter the following Order.

### ORDER

AND NOW, this __ day of JANUARY, 2000, Defendant's Motion to Set Aside the Default Judgement entered in the above-captioned case is hereby DENIED.

---

2. This case was originally assigned to Judge Robert Gawthrop and reassigned to this Court following his untimely death on August 1, 1999.