[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15131
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cv-00058-WCO

SHAWN D. JACKSON,

Plaintiff - Appellant,

versus

HALL COUNTY GOVERNMENT,
State of Georgia,
SHERIFF STEVE CRONIC,
COLONEL JEFF STRICKLAND,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 8, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Shawn Jackson appeals the district court's order granting summary judgment in favor of two of his supervisors on his race discrimination and retaliation claims filed under 42 U.S.C. § 1981.  After careful review, we affirm.

Because the facts of this case are described in detail in the magistrate judge's report and recommendation (R&R) to the district court, we provide only a brief summary here.

Jackson, an African-American man employed as a corporal by the Hall County Sheriff's Office, sued his supervisors, Sheriff Steve Cronic and Colonel Jeff Strickland,[1] alleging that the two discriminated against him because of his race by failing to promote him to sergeant.  Jackson and four other corporals applied for promotion in March 2007.  The sheriff's office constructed a merit-based promotion roster that remained in place for six months, and Jackson was fifth on the list.  Only four promotions were available during that time, but Jackson alleged he was not promoted because of his race.

Jackson also alleged Cronic and Strickland gave him unfavorable shift assignments in a discriminatory manner and in retaliation for complaints he made to the EEOC regarding the alleged promotion discrimination.  Although corporals usually patrol an entire unit made up of several districts and act in a supervisory role, corporals are sometimes assigned to patrol a specific district if there are

---

[1]  Jackson also sued the Hall County Government, but the district court dismissed those claims and Jackson does not appeal from that order.

insufficient line officers to staff a particular shift.  Jackson contends he was assigned to patrol a specific district, rather than an entire unit, several times.  Finally, he alleged Cronic and Strickland retaliated by cancelling one of his scheduled vacation days when Jackson was subpoenaed to testify at a trial.

After discovery, Cronic and Strickland moved for summary judgment.  The matter was referred to a magistrate judge who, in a detailed R&R, recommended that the district court render judgment in favor of Cronic and Strickland.  As relevant here, the magistrate judge found that Cronic and Strickland had articulated a legitimate, non-discriminatory reason for the promotion decision, and Jackson failed to show this proffered reason was pretextual.  The judge also concluded that Jackson had not established a *prima facie* discrimination case based on his shift assignments because the assignments did not constitute adverse employment actions.  The magistrate judge also found the shift assignments could not sustain Jackson's retaliation claim, and the cancellation of Jackson's vacation day, the magistrate judge explained, was a mere "minor annoyance" that did not amount to a materially adverse employment action.

The district court adopted the magistrate judge's R&R over Jackson's objections.  The court first agreed with the magistrate judge that Jackson failed to provide evidence of pretext sufficient to create a genuine issue of fact on his failure-to-promote claim.  Further, the district court determined that the shift

3

assignments were not materially adverse actions and, for that reason, concluded Jackson failed to make a *prima facie* case of discrimination or retaliation on that ground. The same reasoning applied to Jackson's claim based on cancellation of one vacation day.

Jackson spends much of his brief on appeal arguing that he established a *prima facie* case of discrimination based on Cronic and Strickland's alleged promotion decisions. That, however, is irrelevant. The district court assumed that Jackson could make such a showing but concluded his claim nonetheless failed. He also argues summary judgment was inappropriate because evidence he submitted created a genuine issue of fact regarding whether Cronic and Strickland's promotion decisions were pretextual. For the reasons set forth in the magistrate judge's detailed R&R (specifically, section V.B.2.c.) as affirmed in the district court's order, however, we conclude that Jackson cannot do so. Jackson's arguments to the contrary are based on conclusory allegations of "illegal discriminatory intent," not facts that could create a genuine issue to overcome summary judgment.

Jackson also disputes the district court's conclusion that his shift assignments were not materially adverse employment actions and, therefore, not a basis for a discrimination or retaliation claim. But he points to nothing in the record that would lead us to believe the assignments would have the kind of

4

material effect that our case law contemplates would constitute an adverse action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (requiring actionable employer conduct to be "significant," rather than "trivial," emphasizing that "petty slights or minor annoyances that often take place at work"); *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) ("[T]o prove adverse employment action in a [discrimination] case . . . , an employee must show a *serious and material* change in the terms, conditions, or privileges of employment.  Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling . . . .").  Thus, as stated in the magistrate judge's well-reasoned R&R (specifically, sections V.B.3. and V.C.1.) and in the district court's order, we conclude that Jackson's discrimination and retaliation claims based on his shift assignments fail as a matter of law.

The same is true for Jackson's retaliation claim based on the cancellation of a single planned vacation day.  On appeal, Jackson contends the magistrate judge and district court improperly weighed factual allegations in a light unfavorable to him, pointing to paragraph 17 in his declaration.  But the district court expressly stated that, "even if the court accepts everything stated in paragraph 17" as true, the cancellation did not constitute an adverse employment action as a matter of law.  Jackson does not and cannot refute this.  Accordingly, and for the reasons the

magistrate judge provided in section V.C.2. and the district court emphasized in its order, we conclude that this claim also fails.

For the foregoing reasons, we affirm the district court's summary judgment in favor of Cronic and Strickland.

**AFFIRMED.**