[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14299
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00058-WCO

SHAWN D. JACKSON,

Plaintiff-Appellant,

versus

HALL COUNTY GOVERNMENT,
State of Georgia,
SHERIFF STEVE CRONIC,
COLONEL JEFF STRICKLAND,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 4, 2014)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Attorney Derriel McCorvey appeals from the district court's imposition of $12,000 in sanctions against him, pursuant to Fed.R.Civ.P. 11, in an underlying employment suit he filed on behalf of his client, Shawn D. Jackson, against the Hall County Government, Sheriff Steve Cronic, and Colonel Jeff Strickland (collectively the defendants).  After a thorough review, we affirm.

I.

In April 2010, Jackson, represented by McCorvey, brought suit against the Hall County Sheriff's Office and the individual defendants alleging, among other things, claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 (*Jackson I*).

On March 3, 2011, the district court dismissed the claims against the Hall County Sheriff's Office with prejudice because the sheriff's office was not a legal entity with the capacity to be sued.  Additionally, the court dismissed the claims against the individual defendants, without prejudice, due to insufficient service of process.  The next day Jackson filed a second complaint, listing the identical claims from his first complaint (*Jackson II*).[1]  The defendants moved for partial dismissal on the ground that Jackson's Title VII claim against Hall County was time-barred.  *See* 42 U.S.C. § 2000e-5(f)(1) (a plaintiff bringing suit under Title VII must file his complaint within 90 days of receiving his right-to-sue letter from

---

[1] In his second complaint, Jackson named "Hall County Government, State of Georgia" as a defendant instead of the Hall County Sheriff's Office.

2

the Equal Employment Opportunity Commission).  In response, Jackson asserted that the statute of limitations had been tolled by the filing of *Jackson I* and thus his second complaint was timely.  The district court granted the defendants' motion and dismissed Jackson's Title VII claim.

After discovery, Cronic and Strickland moved for summary judgment on Jackson's remaining § 1981 race discrimination and retaliation claims, which the district court granted.  Jackson appealed this ruling.  While Jackson's appeal was pending in this court, the defendants moved for Rule 11 sanctions in the district court.  As relevant to the instant appeal, the defendants requested sanctions based on counsel's filing of the time-barred Title VII claim in *Jackson II* and on his refusal to dismiss that claim when alerted to the problem.  The defendants also requested that sanctions be awarded based on the "frivolous and unfounded" § 1981 claims for which summary judgment had been granted.

Following a hearing, the district court issued a written order partially granting the defendants' motion for sanctions.  Specifically, the court awarded sanctions against McCorvey based on Jackson's Title VII claim against Hall County, concluding that the claim was objectively frivolous because it was time-barred under clearly established case law from this circuit.  As to the § 1981 claims, the court noted that, because the claims were pending on appeal, it would be "prudent to defer further consideration . . . until the Eleventh Circuit has had the

3

opportunity to evaluate plaintiff's arguments on appeal." Therefore, the court denied without prejudice the defendants' motion for sanctions as to those claims, but noted that the defendants could refile their claims within 30 days of an appellate decision affirming the grant of summary judgment.

After we affirmed the district court's grant of summary judgment, *Jackson v. Hall Cnty. Gov't*, 518 F. App'x 771 (11th Cir. 2013) (unpublished), the defendants filed a renewed Rule 11 motion, arguing that sanctions were also warranted on the § 1981 discrimination and retaliation claims. In a supplemental fee petition, the defendants requested a total of $50,416.50 in fees and expenses. At a hearing on the renewed Rule 11 motion, McCorvey argued, among other things, that he could not afford $50,000 in sanctions, and stated that he wished to introduce his financial records under seal to establish his inability to pay. Although the court stated that it did not find McCorvey's financial statement to be "an issue here," the court permitted the documents to be entered into the record and explained, "I will review it and order it be sealed."

The district court granted the renewed Rule 11 motion as to the § 1981 claims, concluding that the evidence was "so lacking" that Jackson could not even establish a *prima facie* claim of retaliation or discrimination. Consequently, McCorvey had failed to conduct a reasonable inquiry to determine whether there was a legitimate basis in fact before presenting the claims in court. Notably, the

4

court highlighted that McCorvey had the benefit of "almost all the underlying facts and evidence and ample time to evaluate that evidence and consider the merit of these claims" because the majority of discovery had been completed before *Jackson II* was even filed.

Turning to the amount of sanctions, the district court determined that $12,000, the amount of fees and costs that the defendants had incurred in bringing their two Rule 11 motions, would be appropriate to (1) encourage McCorvey to respect his Rule 11 obligations in the future, (2) appropriately compensate the defendants for the time and expense they had spent defending the meritless claims, and (3) effectively deter other attorneys from violating Rule 11. This is McCorvey's appeal.

## II.

We review a district court's imposition of sanctions under Rule 11 for an abuse of discretion. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

Rule 11 sanctions are warranted when a party files an action that: (1) has no reasonable factual basis; (2) has no reasonable chance of success based on the legal

theory used, or that cannot be advanced as a reasonable basis to change existing law; or (3) is filed in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). In determining whether to impose sanctions, the district court determines "whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). The court can impose sanctions for violations of Rule 11, even if the claims were brought in good faith, so long as the attorney failed to conduct a reasonable inquiry into the matter. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1268 (11th Cir. 2006). To determine the appropriate amount of sanctions, the district court must consider the sanctioned party's financial ability to pay the sanctions. *Baker v. Alderman*, 158 F.3d 516, 528-29 (11th Cir. 1998).

## III.

We first conclude that the district court did not abuse its discretion by sanctioning McCorvey based on his re-filing the time barred Title VII claim, because his theory that the 90-day statute of limitations was tolled during the pendency of *Jackson I*, whether held in good faith or not, is clearly foreclosed by our existing case law. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th

6

Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations") (citation omitted).

McCorvey's reliance on *Pardazi v. Cullman Medical Center*, 896 F.2d 1313 (11th Cir, 1990) —to argue that a case dismissed without prejudice can toll the applicable statute of limitations—is misplaced. In *Pardazi*, we clearly outlined that if the 90-day period has passed and the initial case was dismissed without prejudice, the statute of limitations "would bar prosecution of the action." *Id.* As such, because there was no reasonable chance of success on this claim, the district court did not abuse its discretion by concluding that McCorvey's continued assertion of the time-barred Title VII claim in *Jackson II* was sanctionable. *See Worldwide Primates, Inc.*, 87 F.3d at 1254.

McCorvey next contends that the district court abused its discretion by initially denying without prejudice the defendants' first Rule 11 motion pertaining to the § 1981 claims—which was filed while Jackson's appeal of the district court's underlying summary judgment order was pending—as the court should have denied the motion with prejudice. We disagree. Here, the court opted to defer a ruling on the issue until the resolution of Jackson's then-pending appeal so as to avoid the sanctions issues possibly becoming moot. *Cf. Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997) (recognizing that although "district courts enjoy broad discretion in deciding how best to manage the cases

7

before them[,]" that discretion "is not unfettered"). Because the court could have imposed sanctions while his appeal of the summary judgment order was still pending, McCorvey cannot show that he was prejudiced by the court's decision to defer the sanctions issue by denying the motion without prejudice. *See id.* at 1367 (explaining that the district court abuses its discretion when its mismanagement of its docket materially prejudices a litigant's rights).

Moreover, the district court did not abuse its discretion by finding that McCorvey's actions in bringing the § 1981 claims were sanctionable because McCorvey should have known that there was no evidentiary support for these claims at the time he filed *Jackson II*, given that all the discovery related to these claims was completed in *Jackson I. See Peer*, 606 F.3d at 1311-12 (noting that the district court is to "avoid using the wisdom of hindsight," and should evaluate the conduct by determining what was reasonable to believe at the time that the pleading was submitted).

Lastly, McCorvey asserts that the district court abused its discretion by failing to consider his ability to pay sanctions. Specifically, he highlights that the court indicated at the second hearing that it did not think that McCorvey's financial statements were "an issue." Nevertheless, the court later permitted McCorvey to introduce his financial records under seal and expressly stated that it would review their contents. Although the district court's order granting the defendants'

renewed Rule 11 motion for sanctions did not include a discussion of McCorvey's financial abilities, the record shows that the court did consider his ability to pay, given that (1) the court stated that it would consider the financial information at the hearing; and (2) the defendants requested over $50,000 in sanctions, but the court only granted an award of $12,000, which represented the amount of fees and costs that the defendants incurred in filing the two Rule 11 motions.

In sum, the district court did not abuse its discretion by sanctioning McCorvey's conduct.

**AFFIRMED.**