[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14748
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-23492-MGC

YOUNES KABBAJ,
individually and as "Next Friend,"

Plaintiff-Appellant,

OMAR ABDEL RAHMAN,

Plaintiff,

versus

BARACK H. OBAMA,
GEORGE W. BUSH,
Presidents, United States of America,
DEPARTMENT OF JUSTICE,
DEPARTMENT OF STATE,
CENTRAL INTELLIGENCE AGENCY, et al.,

Defendants-Appellees,

METROPOLITAN POLICE DEPARTMENT, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 13, 2014)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Younes Kabbaj pro se appeals the district court's dismissal of his fourth amended complaint alleging constitutional violations and an unlawful conspiracy under 42 U.S.C. §§ 1983, 1985, 1986, and Bivens,[1] and claims under the Federal Torts Claim Act, 28 U.S.C. § 1346, and the Privacy Act, 5 U.S.C. § 552a.  After review, we: (1) affirm the dismissal with prejudice as to Defendants the United States, the Department of Justice, Federal Bureau of Investigation ("FBI"), the Department of State, the six state defendants, Anthony Scalia, Jim Bruinsma, Steven Berger, David Forteza, Amanda Curet, Jose Martin, as well as the federal defendants, Perry Cuocci, Matthew Foster, Thomas T. Riley, Robert P. Jackson, Donald E. Gonneville, Donald Baily, Jimmy Arroyo, Ken Bradley, Shamus Skelly, Scott Mclellun, Lanny A. Breuer and Michael Reigle, sued in their official

---

[1]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).

2

capacities; and (2) vacate in part and remand so the district court can amend the judgment to dismiss without prejudice the claims against Defendants Cuocci, Foster, Riley, Jackson, Gonneville, Baily, Arroyo, Bradley, Skelly, Mclellun, Breuer, and Reigle, sued in their individual capacities, whom Kabbaj never served.

## I.  BACKGROUND FACTS

### A.    Dismissal of Original Complaint Without Prejudice

In this civil rights action, Kabbaj filed a total of five complaints, all of which in essence allege that federal and state officials: (1) conspired for almost two decades to thwart him from solving innumerable crimes, preventing terrorist attacks, and revealing the location of Osama Bin Laden years before his capture; and (2) prosecuted him, provided confidential information about him to state and foreign governments to facilitate his prosecution and to hospitals in order to have him involuntarily committed, and constantly watched and harassed him.  Kabbaj contends that the defendants' conspiratorial actions violated his equal protection and due process rights; his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments and the Privacy Act; and constituted malicious prosecution, unlawful imprisonment, negligence, and fraud.

Kabbaj's original complaint was 177 pages long, named 156 defendants, and had 122 pages of attached exhibits.  The district court dismissed the original complaint without prejudice because, inter alia, it did not comply with Federal

3

Rule of Civil Procedure 8's requirement for a short and plain statement of his claims. The district court explained that Kabbaj's complaint was repetitive, provided a lot of irrelevant information, contained conclusory allegations, "lumped together" conspiracy allegations "so that the individual defendants [did] not have adequate notice of what [were] the specific allegations against each of them," and was so large that it was "a daunting task for each defendant to comprehend exactly what factual allegations relate[d] to each of [Kabbaj's] causes of action." The district court gave Kabbaj leave to file an amended complaint.

**B.    Dismissal of Second Amended Complaint Without Prejudice**

Kabbaj filed an amended complaint that was 126 pages long and named 150 defendants. Shortly thereafter, Kabbaj filed a nearly identical, second amended complaint with the court's permission. The second amended complaint was 131 pages long and named 152 defendants. The district court dismissed the second amended complaint without prejudice, again for failure to comply with Rule 8. The district court noted that the second amended complaint contained 372 paragraphs, was repetitive, and contained irrelevant information. The court explained that the second amended complaint was a classic "shotgun" complaint, in which Kabbaj had "lump[ed] his allegations against the defendants together, even though it [was] clear that they could not all have committed the same acts."

4

The district court granted Kabbaj leave to file a third amended complaint to cure the noted deficiencies.

## C.    Kabbaj's Fourth Amended Complaint

Kabbaj filed a third amended complaint and then an identical fourth amended complaint.  Kabbaj's fourth amended complaint, which is the focus of this appeal, contained the same, albeit condensed, allegations as the preceding four complaints.  Kabbaj's fourth amended complaint was 78 pages long, contained 213 numbered paragraphs, and named 28 defendants, including four federal entities—the United States, the Department of Justice, the FBI , and the Department of State; twelve agents and officers of those federal agencies and six state officials in their individual and official capacities; and six "John Doe" defendants.

Throughout, the fourth amended complaint refers to the defendants collectively, such as "the Defendants," the "Named Defendants," the "Federal Defendants," or "[e]ach Defendant named in this Complaint," but does not identify what allegedly unlawful action each defendant took with respect to each claim. Instead, in the portion of the complaint addressing Kabbaj's "CAUSES OF ACTION," the fourth amended complaint "incorporates all the above stated paragraphs" containing factual allegations replete with collective averments.

Kabbaj failed to perfect service upon the twelve federal employees sued in their individual capacities and never identified or served the "John Doe"

defendants.  Affidavits reflect that a process server delivered a copy of the summons and complaint to the authorized agent for each of the twelve federal employees' respective agencies.  Kabbaj moved for an extension of time to serve the individual federal defendants.  Kabbaj stated that he had served the twelve defendants at their respective places of business, but he acknowledged that this service was inadequate because he was suing those defendants in their individual capacities.  Kabbaj requested more time to discover the home address of the twelve defendants.

The served defendants moved to strike or dismiss Kabbaj's fourth amended complaint because, inter alia, Kabbaj had failed to comply with the district court's prior orders to cure the deficiencies in his complaint, which still violated Rule 8's requirement of a short, plain statement of his claims.  In his responses to the defendants' motions to dismiss, Kabbaj continued to refer to the defendants collectively, such as the "Original Defendants," the "pre-911 Defendants," and the "post-911 Defendants," without identifying each defendant's allegedly wrongful conduct related to each specific claim.

**D.    Dismissal of Fourth Amended Complaint With Prejudice**

The district court dismissed Kabbaj's fourth amended complaint with prejudice, citing Kabbaj's failure to cure the specifically identified pleading deficiencies noted in its prior two dismissal orders.  In particular, the district court

6

determined that the complaint "continue[d] to run afoul of" Rule 8, was repetitive, and contained "largely irrelevant factual assertions" that were asserted against the defendants "lump[ed] . . . together, even though it is clear that they could not all have committed the same acts." The district court noted that the counts, although labeled, incorporated by reference all the previous factual allegations, and made conclusory allegations without "a factual basis or information needed to state a claim against each Defendant."

The district court concluded that Kabbaj's fourth amended complaint was "still a shotgun pleading" that "d[id] not permit any of the Defendants to adequately answer the allegations charged against them." The district court further found that Kabbaj's allegations of a decades-long conspiracy to prevent Kabbaj from thwarting terrorist attacks or disclosing Bin Laden's location, without more, were implausible. The district court explained that it was dismissing the fourth amended complaint with prejudice because Kabbaj had "filed five Complaints over two years and there is no indication that a sixth complaint could state a valid cause of action and cure the deficiencies identified in the dismissal orders entered in this case."[2]   In granting the motions to dismiss, the district court denied as moot all

---

[2]Alternatively, the district court granted the defendants' motion to dismiss Kabbaj's fourth amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), because it failed to state viable claims. Because we affirm the dismissal on Rule 8 grounds, we do not address this Rule 12(b)(6) ruling.

pending motions, including Kabbaj's motion for an extension of time to effect service.

## II.  DISCUSSION

### A.    Rule 8

Under Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quotation marks and ellipsis omitted).  Therefore, "a complaint's factual allegations must be enough to raise a right to relief above the speculative level."  Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks and alterations omitted).

Further, the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  A "shotgun pleading"—one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"—does not comply with the standards of Rules 8(a) and 10(b).  Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir.

8

2001).  This Court has repeatedly condemned shotgun pleadings.  See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010); Davis, 516 F.3d at 979.

Where a more carefully drafted complaint might state a claim, a pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quotation marks omitted); see also Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (concluding that the district court is not require to sua sponte grant leave to counseled plaintiffs, but noting that its holding does not disturb a pro se litigant's opportunity to amend under Bank v. Pitt).  A district court, however, is not required to permit amendment if, inter alia, "there has been . . . repeated failure to cure deficiencies by amendments previously allowed."  Bryant, 252 F.3d at 1163 (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).[3]

## B.    Served Defendants

Here, as to the defendants who were served and filed responsive pleadings, the district court's dismissal with prejudice was not an abuse of discretion. Kabbaj's fourth amended complaint is 78 pages long and contains 213 numbered

---

[3]We review a district court's decision whether to grant leave to amend for abuse of discretion.  Troville v. Venz, 303 F.3d 1256, 1259 (11th Cir. 2002).

paragraphs.  The first 66 pages of the complaint consist of 179 paragraphs of factual allegations.  In the portion of the complaint labeled "causes of action," the complaint incorporates by reference all of those 179 paragraphs of factual allegations, without identifying which factual allegations relate to which claims.  Moreover, the complaint refers to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct.  In other words, Kabbaj's fourth amended complaint is a classic shotgun pleading.  See Anderson, 77 F.3d at 366.  As such, it does not comply with Rule 8(a), and the district court properly dismissed it.

Kabbaj argues that, due to his pro se status and the seriousness of his allegations, he should have been allowed to amend his fourth amended complaint to cure any pleading deficiencies.  Although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008), this liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).  Even a pro se litigant is required to comply with the rules of procedure,

10

<u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993), particularly after twice being expressly directed to do so.

Kabbaj had already filed four deficient complaints. The district court gave Kabbaj two prior opportunities to cure the Rule 8 deficiencies, but he failed to do so. Under these circumstances, the district court did not abuse its discretion in dismissing Kabbaj's fourth amended complaint with prejudice.

## C.    Unserved Defendants

On appeal, Kabbaj argues that he should be given an opportunity to seek an entry of default against the twelve federal defendants sued in their individual capacities. Kabbaj's argument is based on the faulty premise that he properly served them.

Kabbaj attempted to serve these twelve individual federal defendants by serving the registered agents for their respective federal agencies.[4] However, neither Federal Rule of Civil Procedure 4(e) nor the law of Florida or the District of Columbia (where the district court is located and where service was made, respectively) allows for personal service via delivery of the summons and complaint to the registered agent of the defendant's place of business. <u>See</u> Fed. R. Civ. P. 4(e), (i)(3); Fla. Stat. § 48.031; D.C.R.C.P. 4(e)(1), (2). Consequently, as

---

[4]These twelve defendants included one federal prosecutor, three FBI agents, three agents of the Drug Enforcement Administration, two Secret Service agents, and three State Department employees.

Kabbaj acknowledged in the district court, he failed to perfect personal service on these defendants to the extent they were sued in their individual capacities.

Furthermore, while the United States filed a motion to dismiss the fourth amended complaint, it did so representing only itself, the three named federal agencies, and the individual federal defendants sued in their official capacities. The motion to dismiss the fourth amended complaint explicitly stated that, to the extent the twelve individual federal defendants were sued in their individual capacities, they had not been properly served and did not "respond to the Complaint at this time."  Thus, the twelve federal defendants sued in their individual capacities never entered an appearance or filed a motion or other responsive pleading that waived insufficient service of process.  See In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299-1300 (11th Cir. 2003) (explaining that where service of process is insufficient, the court lacks personal jurisdiction over the defendant and has no power to render a judgment against that defendant unless the objection to personal jurisdiction was waived in a pre-answer motion or other responsive pleading or by general appearance).[5]

Because Kabbaj did not properly serve these twelve individual federal defendants, the district court lacked jurisdiction to dismiss the individual-capacity

---

[5]On appeal, Kabbaj does not refer to the unserved "John Doe" defendants or challenge their dismissal and thus has abandoned any claim as to these defendants.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

claims against them with prejudice.  See Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) (explaining that service of process is a jurisdictional requirement); Fed. R. Civ. P. 4(m) (providing that where the plaintiff fails to execute service, the district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). Further, because on appeal Kabbaj does not challenge the district court's denial of his motion for an extension of time to effect service, he has abandoned this issue.

### III.  CONCLUSION

Accordingly, we affirm the district court's dismissal with prejudice as to the served defendants.  We vacate the judgment with respect to the twelve unserved federal defendants and remand for the purpose of amending the judgment to show that the dismissal of the individual-capacity claims against those twelve defendants is without prejudice.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**