DLD-111                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1198
_____

IN RE:  AKILAH SHABAZZ,
                                                            Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 3:12-cr-00064-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 12, 2015
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed February 17, 2015)

_____

OPINION*
_____

PER CURIAM

Pro se petitioner, Akilah Shabazz, seeks a writ of mandamus directing the District

Court to expeditiously rule on his motion filed pursuant to 18 U.S.C. § 3583(e).  While

we acknowledge that the motion indeed remains pending and that the District Court has

an obligation to rule on it, mandamus is not warranted in this case.  Accordingly, we will

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

deny the petition.

On May 21, 2013, Shabazz was sentenced in the United States District Court for the Middle District of Pennsylvania to a term of imprisonment of 54 months and a three year term of supervised release for, inter alia, criminal conspiracy, identification fraud, and aggravated identity theft. A Judgment and Commitment order was entered the next day. We affirmed the District Court's Judgment. United States v. Shabazz, No. 12-4304, 563 F. App'x 875 (3d Cir. Apr. 22, 2014). Shabazz returned to the District Court on November 19, 2014, and filed a motion under 18 U.S.C. § 3583(e) seeking to modify the conditions of his supervised release. In particular, Shabazz wants the District Court to indicate that, as a condition of his supervised release, he reside in state of Connecticut upon his release from the Bureau of Prisons. Shabazz asserts that, because he lived in Connecticut at the time of his arrest, the District of Connecticut Probation Office should oversee his probation.

Shabazz expresses concern that the District Court may not intend to rule on his § 3583(e) motion, because it appears that his motion had been forwarded to the Probation Office for the Middle District of Pennsylvania for a response. Shabazz further states that his projected release date is December 23, 2015. He therefore asks that we direct the District Court to expedite a ruling on his pending motion.

Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show

2

that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

The delay in the instant case is not tantamount to a failure to exercise jurisdiction. Because less than three months have passed since Shabazz filed his motion, we conclude that the delay "does not yet rise to the level of a denial of due process." Id. (denying a mandamus petition where the district court had not ruled on petitioner's motion in four months). Additionally, the District Court docket reflects that a scheduling order was entered on January 28, 2015, setting a hearing on the motion for April 21, 2015. We are fully confident that the District Court will adjudicate Shabazz's motion in a timely manner and well in advance of his projected release date.

Accordingly, we will deny the petition for a writ of mandamus.